(No. 93-CC-1729—

KENNETH L. LAMKEY, Claimant, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF CORRECTIONS *et al.*, Respondents.

*Order filed November 13, 1997.*

KENNETH L. LAMKEY, *pro se*, for Claimant.

JAMES E. RYAN, Attorney General (JOEL CABRERA, Assistant Attorney General, of counsel), for Respondent.

ORDER

EPSTEIN, J.

This prisoner's claim, brought as a tort claim for personal injuries suffered as a result of the Respondent's alleged deprivation of Claimant's special medically prescribed diet at the Sheridan Correctional Center, as required by Department of Corrections ("IDOC") regulations, is before the Court on the Respondent's motion to dismiss, which has been briefed by the Respondent and to which the Claimant has replied.

The Respondent's motion asserts *res judicata* on the basis of the adjudication of the United States District Court in *Lamkey v. Roth* (U.S.D.C., N.D. Ill., February 25, 1997), No. 93 C 7080. In the Federal *Lamkey* case,

this Claimant sued the same individual defendants (other than former Director Peters), but not the State or IDOC, on an Eighth Amendment Constitutional claim. That Constitutional claim is not the same cause of action as the State tort claim advanced in this Court, and indeed imposes a higher standard of liability than the State claim, and thus the bar wing of the *res judicata* doctrine does not apply to bar this liability claim in this Court.

The collateral estoppel wing of the *res judicata* doctrine, however, is another matter. Our review of this claim against the decision of the District Court (Grady, J.) shows that both are suits on the identical underlying injury and both lawsuits are based on, and only on, the identical alleged wrongdoing—the dietary violations allegedly effected by the same persons. Thus the Federal Court adjudicated the identical claim of injury and damages as that asserted in this case.

Accordingly, the Federal Court's finding, in its summary judgment ruling against Mr. Lamkey, that he (the Claimant here) had failed in that court to show evidence of a health injury flowing from the alleged acts of the defendants is a finding that we can, and should, recognize as a collateral estoppel against the Claimant on his *respondeat superior* claims against this Respondent for the same acts of the same IDOC employees.

Claimant has had a full Federal bite at this apple, and should not be given a second bite merely because he can find another legal theory in another legal forum to sue on the same injury. Mr. Lamkey has now exhausted his remedies, and this claim will be dismissed.

This claim is dismissed as collaterally estopped.